ADYS DORIS RAMEY

*v.*

WILLIAM F. RAMEY

(No. 14595)

Decided December 2, 1981.

*Donald L. Pitts* for appellant.

*D. Grove Moler* for appellee.

PER CURIAM:

This is an appeal by Adys Doris Ramey from a final judgment of the Circuit Court of Wyoming County entered on October 16, 1978. That judgment granted the respondent in this proceeding, William F. Ramey, a divorce on the ground of mental cruelty.

The appellant originally filed an action for separate maintenance on February 28, 1978, on the ground of cruelty. Subsequent to the filing of the complaint, however, she continued to reside with the appellee in the couple's home until May 5, 1978. Although she left the home on that date, the testimony at the divorce hearing was conflicting as to whether or not she meant her leaving to be permanent.

On May 15, 1978, the appellee filed an answer to the separate maintenance complaint and also filed a counter-

complaint seeking a divorce on the ground of desertion. *W.Va. Code,* 48-2-4(3) [1977]. Following a hearing on September 20, 1978, the court entered an order granting a divorce to the appellee on the ground of mental cruelty. The appellant's complaint was not addressed by the court, but her prayer for attorney fees was denied.

The appellant contends, among other things, that the court erred in granting her ex-husband a divorce on his counter-complaint in that the statutory period of six months for desertion had not elapsed at the time the counter-complaint was filed. The appellee confesses error on this point and we agree that the judgment entered was improper. The record indicates that a mere ten days had elapsed from the time the appellant left the marital domicile until the appellee filed his complaint. In addition, the appellee concedes that the court erred in granting the divorce on the ground of mental cruelty when he did not state cruelty as a ground for divorce in his counter-complaint.

In Syllabus Point 4 of *Petition of Hull,* 159 W. Va. 363, 222 S.E.2d 813 (1976), we stated:

> "In a case where the appellee confesses error and indicates that the judgment should be reversed, this Court, upon ascertaining that the errors confessed are supported by law and constitute cause for the reversal of the judgment * * * will reverse the judgment. * * *"

Accordingly, the judgment of the Circuit Court of Wyoming County is reversed, and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*